COPE, J.
Appellant Michael Utvich, the defendant in this auto accident action, appeals a jury verdict in favor of appellee Mario Felizola, the plaintiff below, and the denial of his motion for new trial. We affirm.
In 1996, Felizola was a taxi driver who was stopped and unloading a passenger when his taxi was rear-ended by Utvich. Felizola sued Utvich for injuries received in the accident. Prior to trial the court ruled that Felizola did not have to prove that he suffered permanent injuries in order to claim pain-and-suffering damages, because Felizola’s taxi was exempt from the requirements of the Florida Motor Vehicle No-Fault Law, sections 627.730-627.7405, Florida Statutes (1995). During the trial Felizola presented evidence as to a decrease in his income since the date of the accident and evidence of a decrease in his ability to earn income in the future. The jury awarded Felizola damages for past lost wages, past medical expenses, past pain and suffering, and loss of future earning capacity.
Utvich has appealed claiming that the trial court should have granted his motion for new trial because the amount awarded for past lost wages was in excess of the amount supported by the record. We disagree. The jury clearly intended to make an award for past lost wages plus loss of Felizola’s partially paid-for taxi medallion. The award is well supported by the record evidence. See Capital Bank v. MVB, Inc., 644 So.2d 515, 522 (Fla. 3d DCA 1994); Phillips v. Ostrer, 481 So.2d 1241, 1246 (Fla. 3d DCA 1985).
Utvich also contends that the award for loss of future earning capacity was not supported by the evidence. We again disagree. There was a sufficient evidentiary basis in the record for the jury’s calculation of damages for Felizola’s loss of future earning capacity. Utvich complains that Felizola’s counsel improperly referred to this claim as being for future lost wages instead of future earning capacity, but there was no objection by Utvich to this terminology.
Finally, Utvich contends that the trial court erred in finding Felizola did not have to prove permanent injury in order to claim pain-and-suffering damages. The trial court was correct. Taxis are defini-tionally excluded from the no fault law. See § 627.733(1), Fla. Stat. (1995)(“Every owner or registrant of a motor vehicle, other than a motor vehicle used as a taxicab ... shall maintain security as required by subsection (3) .... ”)(emphasis added); Lasky v. State Farm, Ins. Co., 296 So.2d 9, 21-22 (Fla.1974)(“[T]axis, motorcycles, busses and commercial vehicles do not come within the provisions of the no-fault act.”). Thus, taxi drivers do not fall within the scope of the statutes requiring claimants to prove permanency.
Affirmed.